UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI,
WESTERN DIVISION

UNITED STATES OF AMERICA

VERSUS                                        CRIMINAL ACTION NO. 5:08cr20-DCB-DCB

CHARLES W. GAVIN A/K/A CHARLIE
GAVIN, MAE REE MCMILLIAN,
CHARLES MCCULLOUGH, AMANDA C.
STACY AND LINDA C. SALLEY                                      DEFENDANTS

## ORDER

This cause is before the Court on defendant Amanda Stacy's ("Stacy") Motion to Sever [docket entry no. 73] and defendant Linda Salley's ("Salley") Motion to Sever [docket entry no. 76]. Having carefully considered the motions, the government's responses thereto, all applicable statutory and case law, and being otherwise fully advised in the premises, the Court finds and orders as follows:

Stacy and Salley both were indicted in a one-count indictment for allegedly conspiring to commit a murder for hire in violation of 18 U.S.C. § 1958. Also charged in the indictment are defendants Charles Gavin, Mae Ree McMillian and Charles McCullough. Stacy and Salley now separately move the Court for severance of their trials from the trial of the other defendants.

Federal Rule of Criminal Procedure 14 provides that "[i]f the joinder of offenses or defendants in an indictment ... appears to prejudice a defendant or the government, the court may order

separate trials of counts, sever the defendants' trials, or provide any other relief that justice requires." The Court begins by noting the general rule that "defendants indicted together should be tried together." United States v. Nguyen, 493 F.3d 613, 625 (5th Cir. 2007) (citing United States v. Rocha, 916 F.2d 219, 227-28 (5th Cir. 1990)). Severance is proper only where a defendant shows that "'there is a serious risk that a joint trial would compromise a special trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence.'" Id. (quoting Zafiro v. United States, 506 U.S. 534, 539 (1993)).

The Court now considers separately each of the motions.

**1. Amanda Stacy's Motion to Sever**

Amanda Stacy makes three arguments in support of her motion to sever: (1) that severance is necessary because Stacy's defense necessarily depends on the ability to call her co-defendants as witnesses; (2) that Stacy's defense requires introduction of other crimes and wrongful acts of her co-defendants; and (3) that Stacy would be unduly prejudiced by the introduction of evidence related to crimes with which she is not charged.

First, Stacy argues that severance is necessary because her defense requires the exculpatory testimony of one of her co-defendants. The Fifth Circuit Court of Appeals has articulated the requirements for a prima facie case for severance based on the need

for exculpatory testimony of a co-defendant: "A defendant must show: (1) a bona fide need for the testimony; (2) the substance of the testimony; (3) its exculpatory nature and effect; and (4) that the co-defendant would in fact testify if severance were granted." Rocha, 916 F.2d at 232 (citations omitted).

The Court finds that Stacy has not met the fourth part of the test--"that the co-defendant would in fact testify if severance were granted". Id. In seeking to satisfy this requirement, Stacy offers two letters written to her by McCullough wherein McCullough acknowledges Stacy's lack of knowledge regarding the murder for hire and offers to do anything possible to clear Stacy's name. Of important note, "an inference that a co-defendant would likely testify does not meet the burden of showing that the co-defendant would in fact testify." Id. (citing United States v. Kane, 887 F.2d 568 (5th Cir. 1989)). In Rocha, the Fifth Circuit Court of Appeals affirmed the district court's denial of a motion to sever where the defendant seeking severance offered only an affidavit containing exculpatory information that had been signed by a co-defendant. Rocha, 916 F.2d at 219. The Rocha court concluded that this affidavit, although it contained exculpatory information, did not prove that the co-defendant would in fact testify if severance were granted. Id. at 232. Applying the Rocha court's reasoning to the instant case, the Court determines that, while these letters may indicate some willingness on McCullough's part to testify on

behalf of Stacy, the letters alone fall short of the requisite showing.

Stacy's second argument is that because her defense requires introduction of other crimes and wrongful acts of her co-defendants the Court should sever her portion of the trial to alleviate any concerns of an undue prejudicial effect on the other defendants. Specifically, Stacy plans to introduce evidence of her knowledge of McCullough's participation in drug-related activities prior to the events involved in this case. Stacy cites United States v. Salomon, 609 F.2d 1172 (5th Cir. 1980), in support of her position that severance is necessary. In Salomon, Salomon and his co-defendant Wood were tried in a joint trial. Id. When Wood took the stand, he implicated Salomon not only in the charges for which the two men were currently being tried, but also for earlier instances of similar conduct. Id. The trial court denied Salomon's multiple requests to sever, opting instead to instruct the jury to consider Wood's testimony regarding the earlier conduct only against Wood. Id. The appellate court reversed Salomon's conviction and remanded the case for a new trial, holding that Salomon had shown substantial prejudice resulting from the trial court's denial of his motion to sever. Id. at 1177. Specifically, the court determined that a limiting instruction was insufficient to prevent prejudice to Salomon because it was too difficult for the jury to keep Wood's testimony of the earlier transactions

4

separate from the evidence against Salomon.  Id. at 1175.

This case does not raise the same concern for confusion as did the Salomon case.  In Salomon, the co-defendant implicated Salomon in prior instances of conduct similar to that for which the two men were charged.  Here, it does not appear from Stacy's pleadings that she intends to implicate McCullough on prior instances of conspiracy to commit murder for hire.  Rather, Stacy seeks to introduce evidence only of McCullough's prior involvement in the drug culture to show that she believed she was making a phone call not to facilitate a murder for hire but rather to assist with some drug-related activity.  The Court concludes that since the same risk of confusion is not present that a limiting instruction would adequately prevent any prejudice to McCullough.  Specifically, to the extent that Stacy is permitted to introduce any of McCullough's prior bad acts, the Court will instruct the jury that those acts are relevant only to Stacy's state of mind and not to McCullough's guilt for conspiracy to commit murder for hire.

The Court now considers Stacy's final argument--that the evidence relating to Victim 2 would have a prejudicial spillover effect.  The Court is not convinced that this risk of spillover supports a decision to sever.  "It is clear that a defendant's absence from a particular episode in the conspiracy does not mandate severance." United States v. Rocha, 916 F.2d 219, 228 (5th Cir. 1990) (citing United States v. DeVarona, 872 F.2d 114, 120

5

(5th Cir. 1989)). Rather, "[t]he test for severance under Rule 14 is whether the jury could sort out the evidence reasonably and view each defendant and the evidence relating to that defendant separately. <u>If cautionary instructions are deemed sufficient, severance is not required.</u>" Id. (quoting <u>United States v. Merida</u>, 765 F.2d 1205, 1219 (5th Cir. 1985) (alteration in original) (emphasis added)).

Here, Stacy argues that she would be prejudiced by introduction of evidence related to Victim 2, when she was only allegedly involved in the plot to murder Victim 1. Based on the information presently before the Court, there is nothing to indicate that the jury, when equipped with the proper limiting instructions, would be unable to determine which evidence pertained to each particular defendant. Accordingly, since none of Stacy's arguments demonstrates the need for severance, Stacy's motion is denied.

### 2. Linda Salley's Motion to Sever

Linda Salley argues that severance is necessary to allow her the opportunity to cross-examine co-defendant Charles Gavin on statements he made to a cooperating witness which inculpate Salley. The government has confirmed its intent to introduce such tape recorded conversations at trial.

As noted above, a defendant may have a right to severance under the Sixth Amendment based on the right to compel a co-

6

defendant's testimony. United States v. Nguyen, 493 F.3d 613, 625 (5th Cir. 2007) (citing United States v. Barnett, 1976 F.3d 138, 145 (5th Cir. 1999)). The Court reiterates that severance is required only where the defendant has shown "a bona fide need for the testimony, the substance of the desired testimony, the exculpatory effect of the desired testimony, and indication that the co-defendant would indeed testify at a separate trial." Id. (citing United States v. Kane, 887 F.2d 568, 573 (5th Cir. 1989). Salley has not met this burden. Although she arguably as demonstrated a need for the testimony, Salley has provided no information as to the substance of the testimony or its exculpatory effect. Nor has Salley given any indication that Gavin would be willing to testify at trial. Thus, Salley's motion to sever is not well-taken. Accordingly,

**IT IS HEREBY ORDERED** that defendant Stacy's Motion to Sever [docket entry no. 73] is **DENIED**.

**IT IS FURTHER ORDERED** that defendant Salley's Motion to Sever [docket entry no. 76] is **DENIED**.

**SO ORDERED**, this the 23rd day of January 2009.

                                           s/ David Bramlette

                                     **UNITED STATES DISTRICT JUDGE**